# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MARCUS DALE THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00510 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **M. YOUNCE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Marcus Dale Thomas, Pro Se Plaintiff.*

Marcus Dale Thomas, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Thomas alleges that in March 2014, Red Onion State Prison officials assigned him to a top tier cell against a doctor's order, he fell down the stairs, and was injured. Thomas has also moved for interlocutory injunctive relief, based on recent events. Upon review of the record, I find that Thomas' motion for interlocutory injunctive relief must be denied and the action must be summarily dismissed for failure to state a claim.

Thomas states that on June 18, 2013, a doctor issued a one-year order for Thomas to be assigned to a bottom tier cell, because the medications he takes make it unsafe for him to walk stairs. Beginning in January 2014, however, Unit Manager Younce assigned Thomas to the top tier. Thomas told Younce about the doctor's order on March 4 or 5, 2014. Younce told Thomas that he could stay on

the top tier where he was or be moved to segregation.[1]  Thomas elected against the move.  Thomas also told other officers that he should be in a bottom tier cell, but no one made changes before the weekend.

On Saturday, March 8, on the way to the shower, Thomas caught his shower shoe in the steel stair grid and fell down the stairs, unable to catch himself because his hands were full.  A nurse examined his injured knee, found no treatment necessary, and allowed officers to return Thomas to his top tier cell. Thomas complained, was charged with threatening an officer, and was moved to a bottom tier cell in the segregation unit.

Thomas brought this § 1983 action, suing Younce, the nurse, and several other officers for alleged deliberate indifference to a serious medical need.  Thomas also seeks interlocutory injunctive relief, because on September 19, 2014, prison officials again assigned him to a top tier cell.

The court must dismiss any action filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  To prove a constitutional claim related to an unsafe jail condition, Thomas must show that one or more prison officials acted with deliberate indifference – that they

---

[1] "I did speak to Unit Manager Younce, 'and was told' either you, stay w[h]ere you are, or I'll put you in 'seg.'"  Supplement to Compl. 15, ECF No. 1-4.

knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take reasonable measures to alleviate it. *Farmer v. Brennan*, 511 U.S. 825, 835-37 (1994). Thomas must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotation marks and citations omitted).

I will assume for purposes of this opinion, based on the doctor's order, that Thomas had a serious medical need for bottom tier status between June 13, 2013, and June 13, 2014. I cannot find, however, that the defendants' alleged deliberate indifference to this need caused Thomas any serious injury. Thomas states that days before his fall on March 8, 2014, Younce offered to move him to segregation, but Thomas refused, thus placing himself at risk by remaining on the top tier. Moreover, Thomas states no facts to support a finding that his medications played any role in causing his fall. By his own description, he simply tripped and could not break his fall. Finally, Thomas fails to show that the injury to his knee on March 8 was serious. For these reasons, I find that Thomas has not stated an Eighth Amendment claim against any of the defendants related to his cell

assignment.[2]  I will summarily dismiss this action without prejudice pursuant to § 1915A(b)(1).

For similar reasons, I also find that Thomas has not stated facts warranting interlocutory injunctive relief related to his current cell assignment. The party seeking a preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Thomas' current submissions do not show any imminent risk of serious harm or likelihood of success on the merits of his claim. Indeed, his own submissions indicate that the doctor's order for bottom tier status expired in June 2014, and he offers no indication that it has been continued or reissued or that without bottom tier status, he is at substantial risk of serious injury.

A separate Final Order will be entered herewith.

                                             DATED:   October 27, 2014

                                             /s/  James P. Jones
                                             United States District Judge

---

[2] Thomas also faults Younce for assigning him to the same tier as an inmate who had fought with him. Because Thomas does not allege suffering any injury as a result of this assignment, I find no actionable constitutional claim here.

-4-