# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MARCUS DALE THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00510 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **M. YOUNCE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Marcus Dale Thomas, Pro Se Plaintiff; Margaret Hoehl O'Shea, Office of the Attorney General, Richmond, Virginia, for Defendant.*

Marcus Dale Thomas, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that the defendant prison official, Unit Manager M. Younce, violated his Eighth Amendment rights by failing to assign him to a bottom bunk on a bottom tier as a doctor had ordered. Upon review of the record, I find that Thomas's claims against Younce are barred by his failure to exhaust his available administrative remedies. 42 U.S.C. § 1997e(a).

I.

Thomas alleges that on June 18, 2013, a doctor issued an order for Thomas to be assigned to a bottom tier cell for one year because his medications make it unsafe for him to navigate stairs. In January 2014, however, Younce assigned Thomas to a top tier cell. Thomas reminded Younce about the doctor's order on

January 23, 2014.  Younce allegedly told Thomas, "I don't have time to cha[n]ge it. . . . Either you go in the cell or get a charge and be locked down."  (Compl. Attach. 3, ECF No. 1-4.)  Thomas filed a request form, asking to be moved to a lower tier, but received no response.  On February 20, 2014, Younce again allegedly assigned Thomas to a top tier cell, despite the doctor's order.  All the inmates in the pod moved to another housing area on February 26, 2014, and again, Thomas was assigned to a top tier cell.

On March 4, 2014, Thomas filed an emergency grievance stating that he had repeatedly been assigned a top tier cell since January 23, 2014, even after showing facility administrators the doctor's order.  Thomas stated, "I'm a diabetic, plus I take [p]sych/meds and could injur[e] myself coming down the stairs."  (Messer Aff. Encl. B, ECF No. 35-1.)  Thomas did not receive a response to this emergency grievance.  However, after verifying that the doctor's order was still in effect, Officer Mullins told Thomas that he had emailed Younce about moving Thomas to a lower tier cell on Monday, March 10, 2014.  On March 8, on the way to the shower, Thomas caught his shower shoe in a stair grid and fell down the stairs, injuring his knee.

Thomas filed this § 1983 action in July 2014 in the United States District Court for the Eastern District of Virginia.  The case was transferred to this court because the cause of action arose at Red Onion State Prison, located within the

jurisdiction of this court. I summarily dismissed the action under 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and Thomas appealed. The United States Court of Appeals for the Fourth Circuit affirmed my dismissal order in part, but reversed and remanded as to Thomas's claim against Younce. Younce has now moved for summary judgment because Thomas failed to exhaust his administrative remedies before filing this action, and Thomas has responded.

II.

The Prison Litigation Reform Act provides in 42 U.S.C. § 1997e(a) that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "[T]he language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal" of unexhausted claims. *Carpenter v. Hercules*, No. 3:10CV241-HEH, 2012 WL 1895996, at *4 (E.D. Va. May 23, 2012) (quoting *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir. 2003)).

Operating Procedure 866.1 is the written administrative remedies procedure that Virginia Department of Corrections inmates must follow to comply with § 1997e(a). Within 30 days of the incident the inmate wishes to grieve, he must

attempt informal resolution, usually by filing an informal complaint. Prison staff should respond to such a complaint with 15 calendar days. The inmate may then file a regular grievance, with the informal resolution paperwork attached. After an investigation of this Level I remedy, the warden or his delegate is to respond in writing within 30 days from receipt. The inmate may then appeal to the regional director, who provides a Level II response within 20 days, which is generally the last available appeal.

If a regular grievance does not meet the filing requirements of OP 866.1, the grievance coordinator will reject the document at intake, mark the reason for the rejection on the back of the form, and return it to the inmate within two days. The inmate can correct the noted deficiency and resubmit the regular grievance, or he may appeal the intake rejection decision to the regional ombudsman.

An emergency grievance is intended only for situations where the inmate believes he is subject to an immediate risk of serious personal injury or other irreparable harm. An official should investigate and respond to an emergency grievance within 8 hours. If officials do not find any immediate risk presented by the situation described in the emergency grievance, the form will be returned to the inmate, marked as a nonemergency.

The defendant has submitted the affidavit of Grievance Coordinator Messer that establishes the following sequence of events related to exhaustion.[1] Thomas filed an emergency grievance at 10:56 a.m. on March 4, 2014, about the danger of his top tier cell assignment. Sgt. Hill responded on March 4, 2014, at 12:00 p.m. that the grievance did not meet the definition for an emergency and advised Thomas to address the issue using a proper request form.

Thomas later submitted an undated regular grievance complaining that he never received a response to the March 4 emergency grievance. On March 7, 2014, Messer rejected this regular grievance during the intake process, because Thomas did not first use the informal process to resolve his complaint. Messser noted this reason on the back of the form and returned it to Thomas, also noting that documentation showed that an officer had responded to the March 4 emergency grievance at noon that day.

On April 1, 2014, Thomas submitted another regular grievance. He complained that on March 13, 2014, in response to an informal complaint about needing a bottom tier cell for medical reasons, an officer had promised he would

---

[1] Attached to Messer's affidavit are photocopies of administrative remedy forms Thomas filed about his top tier cell assignment. Included with these attachments are copies of administrative remedy forms for another inmate. Thomas asserts that these extraneous attachments impeach Messer's credibility so that the evidence should be completely disregarded. I find no merit to this argument. It is clear that the extra copies were inadvertently included with the copies of Thomas's remedy forms, the authenticity of which he does not refute.

receive one "next action notice on 3/28/14 at 12:[00] a.m. in which never happened." (Messer Aff. Encl. C, ECF No. 35-1.) Thomas stated that he wanted to know why "this action didn't take place on the given date." (*Id.*) Messer rejected this regular grievance on intake because Thomas did not first use the informal process to resolve his complaint. Messer noted this reason on the back of the form and returned it to Thomas on April 2, 2014.

On April 9, 2014, Thomas wrote a new regular grievance about his bottom tier/bottom bunk status. He mailed this grievance directly to the regional ombudsman, bypassing the institutional intake review. Without responding to Thomas's issues, the regional ombudsman date stamped the back of the regular grievance form on May 5, 2014, and wrote that it was returned to the inmate at Red Onion. Thomas did not resubmit this regular grievance for intake review at Red Onion or file any other remedy forms about his cell assignment before filing this lawsuit.

Early in the case, Thomas indicated to the court under penalty of perjury that he had "exhausted [his] administrative remedies . . . by appealing [his] claims to the highest available level of the administrative remedies procedures." (*See* V.S., ECF No. 8.) In response to the defendant's undisputed evidence of his insufficient exhaustion efforts, however, Thomas does not challenge the authenticity of the remedy forms they submit. Nor does he provide copies of any additional grievance

forms or appeals to support his prior, conclusory statement concerning exhaustion. Such a conclusory allegation need not be accepted as true, given the absence of factual support, and is not sufficient to withstand the defendant's summary judgment motion. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Thomas also contends that the court has already ruled that he properly fulfilled the exhaustion requirement. He bases this argument on language in the court's conditional filing order, stating: "It appears to the court that plaintiff has complied with the requirements of 28 U.S.C. § 1915(a) for filing a prisoner civil rights action." (Order at 1, Oct. 2, 2014, ECF No. 11.) Compliance with the financial requirements in § 1915(a) has no bearing on an inmate's compliance with the exhaustion requirement in § 1997e(a).

I find no genuine issue of material fact in dispute that Thomas filed this lawsuit without first exhausting available administrative remedies as required under § 1997e(a). His emergency grievance on March 4, 2014, did not constitute exhaustion under § 1997e(a), because the regular grievance procedures were still available to him. Thomas provides no evidence that he ever properly filed a regular grievance about his problems with Younce or with cell assignments in 2014 or that he ever pursued all levels of review available, as required for exhaustion.

III.

For the stated reasons, I will grant the defendant's Motion for Summary Judgment under § 1997e(a) for failure to exhaust available administrative remedies. Because the applicable grievance procedures require that a regular grievance be filed within 30 days from an officer's challenged actions, Thomas can no longer pursue a grievance about the events at issue in this lawsuit. Therefore, I will dismiss Thomas's claims with prejudice.

A separate Order will be entered herewith.

DATED: April 13, 2016

/s/ James P. Jones
United States District Judge